*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-429

MARCH TERM, 2013

| | |
|---|---|
| In re I.H., J.H. and D.G., Juveniles | } APPEALED FROM: |
| | } |
| | } Superior Court, Addison Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 26/27/28-4-11 Anjv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Mother appeals from an order of the superior court, family division, terminating her parental rights with respect to her three children, D.G., J.H., and I.H. We affirm.

D.G., J.H., and I.H. were born in November 2001, April 2005, and October 2006, respectively. In April 2011, the Department for Children and Families (DCF) filed petitions alleging that the children were in need of care or supervision (CHINS) because of unsafe and unsanitary conditions in the home and physical abuse perpetrated by mother's boyfriend and by the father of J.H. and I.H. That same month, mother and the father of D.G. admitted to the merits of the CHINS petition with respect to D.G. D.G.'s father eventually relinquished his parental rights to D.G. In July 2011, mother admitted to the allegations of the CHINS petitions with respect to J.H. and I.H., acknowledging that she had placed the children at risk of harm by choosing violent partners, by not protecting them from those partners, and by keeping an unsafe and unsanitary home. The father of the two younger children contested the allegations, but, following an evidentiary merits hearing, the court adjudicated those children CHINS by clear and convincing evidence.

The October 2011 disposition plan for all three children set concurrent goals of reunification with mother and adoption. In January 2012, DCF sought termination of parental rights with regard to all three children because of mother's failure to cut off her relationship with her abusive boyfriend. A termination hearing was held in October 2012, and at the end of that month the superior court filed a decision terminating the parental rights of mother and the younger childrens' father. Mother appeals from that decision, arguing that the court's findings fail to support its conclusion that she will be unable to resume her parental duties within a reasonable period of time. While acknowledging the court's detailed findings concerning her failure to make any progress toward reunification as well as her ongoing denial of past abuse against the children and the continuing danger posed by her boyfriend, mother argues that the court failed to make sufficient findings to support its conclusion that "[t]hese children desperately need a home free of violence and a home that can provide stability, emotional support, routine, and care attuned to their developmental needs." Citing our holding that a reasonable period of time "must be measured in terms of the child's needs," see In re B.M., 165 Vt. 331, 337 (1996), mother contends that the superior court failed to make findings explaining the specific degree of urgency of each of the children's need for permanency. She asserts that

their need for permanency cannot be assumed in this case because they are not infants and that the existence of potential adoptive homes for them should not determine what is a reasonable period of time for reunification.

We find no merit to these arguments. The superior court's findings reveal in detail the physical abuse and neglect suffered by the children over the course of several years, the children's positive development since being placed in stable foster homes, and mother's complete failure to address any of the issues that resulted in the children being taken into state custody. Most notable is mother's continuing relationship with a man whom she insists did not abuse the children and is not a threat to them, despite the court's finding "that the evidence clearly establishes that [he] was violent with her and the children" and that "their behaviors clearly demonstrate that they have been traumatized by [him]." The court concluded that mother was "either lying or so emotionally crippled by her own issues that she has denied to herself what she knows to be true." The court emphasized that even if mother truly believed that her boyfriend had not hurt the children, "she has shown an utter lack of concern for their expressed fear of him, and has taken no steps either to validate or understand their fears of him." These findings overwhelmingly demonstrate that mother will be unable to resume her parental duties within a reasonable period of time, from the children's perspective. The children may not be infants, but they are young and have spent most of their childhood in an abusive home, resulting in emotional damage and developmental delays that can be addressed only in a safe and stable home that, as the evidence demonstrates and the superior court found, mother cannot provide.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice

2